## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DOUGLAS SPECTOR,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-00-2649** |
| | § | |
| **NORWEGIAN CRUISE LINE LIMITED** | § | |
| **d/b/a NORWEGIAN CRUISE LINE,** | § | |
| | § | |
| **Defendant.** | § | |

### ORDER

Pending before the Court is Plaintiffs Douglas Spector, Ana Spector, and David T. Killough's (collectively "Plaintiffs")[1] Motion for Leave to Amend (Dkt. #78/81).[2]  Plaintiffs seek to add Lynn DeNio ("DeNio") as a named class representative.  After considering the motion, response, and the applicable law, the Court is of the opinion that the motion should be GRANTED.

### Discussion

For a recitation of the lengthy procedural history in this case refer to the Court's Memorandum Opinion & Order, dated September 28, 2007 addressing NCL's motion for summary judgment.  NCL argued in its motion for summary judgment that the Plaintiffs lack standing and their claims are moot because the two ships the Plaintiffs sailed on have been sold by NCL.  The Court found it was prudent to address the threshold questions of standing and mootness before

---

[1] Plaintiff Julia Hollenbeck is no longer represented by counsel and is appearing pro se, therefore she can no longer be a class representative should this class be certified. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Griffin v. Foti*, 2004 WL 98713, *1 (E.D. La. 2004). She did not join in this motion for leave to amend, so the First Amended Complaint will remain the live pleading with respect to Hollenbeck.

[2] Plaintiff's Motion for Leave to Amend was originally filed under docket number 78. Docket number 81 is a duplicate of number 78 and was made for case management purposes.

deciding if Plaintiffs could amend their complaint.  In light of the Court's ruling that Plaintiffs have standing and their claims are not moot, the Court will now consider whether Plaintiffs should be permitted to amend their complaint to add DeNio as a named class representative.

The Federal Rules of Civil Procedure state a trial court should grant leave to amend "freely." FED. R. CIV. P. 15(a).  The language of this rule "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir.1982).  However, decisions concerning motions to amend are "entrusted to the sound discretion of the district court." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993). A district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004).  In the exercise of its discretion, the court may consider several factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by virtue of amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant strongly objects to the proposed amendment.  Defendant contends the Plaintiffs' proposed amendment adding a new party will not only prejudice the defense, but is futile and sought in bad faith.  The Court will address each of Defendant's arguments in turn.  First, NCL claims that the amendment is futile because DeNio's claim is "an independent cause of action that should be brought in another venue."[3]  NCL argues DeNio's claim has no relation to this district because she is a Minnesota resident who took her cruise out of Miami, Florida. The Court interprets NCL's argument as an objection to venue.  However, the federal statute governing venue in cases not founded solely on diversity jurisdiction permits DeNio to bring her claim in a "judicial district where

---

[3]  NCL's Opp. to P.'s Mot. for Leave to Amend, pg. 3.

any defendant resides, if all defendants reside in the same state."  28 U.S.C. § 1391(b)(1).  For

purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district

in which it is subject to personal jurisdiction. . ."  *Id.* § 1391(c).  NCL is the only defendant in this

cause and has submitted to personal jurisdiction within the Southern District of Texas.  NCL cannot

dispute that it has the requisite "significant contacts" with this district to provide personal

jurisdiction.  *See id.*  Therefore, it would not be improper to add DeNio into the pending lawsuit.

NCL further argues generally that an amendment would be futile because Plaintiffs' claim

for class certification has no legal or factual merit.  NCL bases this contention on the fact that a state

court, in a companion case filed by Plaintiffs, refused to certify the class.[4]  However, as this Court

has not addressed the issue of class certification at this point, it is inappropriate to preemptively rule

that amendment is futile because the class will not get certified.  While the Court expresses no

opinion on the merits of class certification, this argument assumes the Plaintiffs will not be able to

certify a class and this does not justify denying leave to amend.

Next, NCL contends granting the motion to amend will result in prejudice because the court

will in effect be allowing three separate suits to proceed in this one lawsuit.  NCL states the addition

of DeNio's claims will "create a new lawsuit,"[5] while Hollenbeck will be proceeding under the First

Amended Complaint and the remaining Plaintiffs will be operating under the Second Amended

Complaint.  NCL exaggerates the true effect of this amendment.  Plaintiffs seek only to add a new

party.  Comparing the First Amended Complaint and the proposed amendment reveal that no new

---

[4] *Spector, et al. v. Norwegian Cruise Line*, No. 2000-39257 (270th Judicial Dist. Court Harris County, Texas).

[5] NCL's Opp. pg. 6.

3

claims are being offered, thus, NCL is still defending against the same claims as stated in the First Amended Complaint.  Admittedly, NCL will have to conduct discovery regarding DeNio's claims, but this is not overly burdensome as the discovery into the merits of these ADA claims has yet to begin.  In other words, the extensive litigation completed thus far in this case has related solely to whether the ADA was applicable to NCL's foreign-flagged cruise ships and the standing and/or mootness of Plaintiffs' claims.  The parties have not begun to address the merits of Plaintiffs' claims. Hollenbeck's interests will also not be prejudiced by allowing amendment because the First Amended Complaint and the amendment are virtually identical.

Lastly, NCL contends the motion for leave should be denied because Plaintiffs are seeking the amendment in bad faith.  Specifically, NCL claims that it has filed its motion for summary judgment and after realizing that summary judgment may be granted the Plaintiffs decided to add a new party.  NCL argues the current Plaintiffs' claims are mooted because the ships they sailed have been sold, whereas the ship DeNio sailed is still part of NCL's fleet.  NCL characterizes the proposed amendment as "a transparent attempt [by the Plaintiffs] to avoid summary judgment."[6] As stated above, in an Order dated September 28, 2007, the Court addressed NCL's arguments relating to standing and mootness.  After much consideration, the Court determined that Plaintiffs have standing to pursue their claims against NCL and that their claims are not moot, notwithstanding the addition of DeNio.  Thus, the Court does not find that the proposed amendment was a bad faith attempt on Plaintiffs' part to avoid summary judgment.

---

[6] NCL's Opp. pg. 1.

**Conclusion**

Accordingly, the Court will GRANT Plaintiffs' motion for leave to amend (Dkt. #78/81) to add Lynn DeNio as a named class representative.  The Plaintiffs shall have ten (10) days from the date of this Order to file their amended complaint.

It is so ORDERED.

SIGNED this 30th day of September, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE